UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLAS STOLINAS,

    Plaintiff,

v.                                     Case No:   2:18-cv-702-FtM-38MRM

WALTER PALMER,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

Pending before the Court is Defendant's partially unopposed Motion to Strike, filed on December 20, 2018.  (Doc. 15).  Defendant Walter Palmer seeks to strike Paragraph 8 of the Complaint (Doc. 1) and the prayer for relief in the form of attorney's fees.  (Doc. 15 at 1).  Plaintiff Nicholas Stolinas filed a Response in opposition to the Motion on January 3, 2019.  (Doc. 17).  This matter is ripe for review.  For the reasons explained below, the Undersigned respectfully recommends that Defendant's Motion be **DENIED IN PART** and **GRANTED IN PART**.

---

[1]  Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**I.      Background**

Plaintiff filed this Complaint on October 22, 2018, alleging negligent entrustment of a vessel. (Doc. 1 at 1). Plaintiff contends that Defendant negligently entrusted his vessel to his neighbor "despite knowing that [his neighbor] was a dangerous vessel operator and that he imposed an unreasonable risk of harm to himself and others." (*Id.*). Plaintiff alleges that the neighbor, while driving at an excessive speed, "made a hard turn to the left, causing Plaintiff to be thrown from the [v]essel." (*Id.* at 3). Ultimately, Plaintiff contends that Defendant's negligent entrustment of the vessel to the neighbor is the direct and proximate cause of his injury. (*Id.* at 4).

In addition to alleging that this Court has subject matter jurisdiction over his claim based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff also alleges in Paragraph 8 of the Complaint that the Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333. (*Id.* at 2). In his Answer, Defendant denies any allegation that this claim is subject to admiralty jurisdiction, (Doc. 10 at 2), and subsequently filed the instant Motion to Strike the allegations contained within Paragraph 8 of the Complaint, (Doc. 15 at 1). Defendant maintains in the Motion *sub judice* that "[t]here is no basis for admiralty jurisdiction, and its inclusion in the Complaint is thus both immaterial and inappropriate." (*Id.* at 2). Plaintiff opposes the striking of Paragraph 8. (Doc. 17).

Additionally, Plaintiff includes a prayer for relief in the form of "attorney's fees as permitted," (Doc. 1 at 5), which Defendant also moves to strike, (Doc. 15 at 1). Plaintiff does not oppose striking the prayer for relief in the form of attorney's fees. (*See* Doc. 17).

The Undersigned considers the requested relief separately below.

**II.     Legal Standard**

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  However, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (second alteration in original) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 865 (5th Cir. 1962)).  Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* (quoting *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)).

**III.    Discussion**

    **a.     Paragraph 8 of the Complaint**

Defendant requests that the Court strike Paragraph 8 of the Complaint.  This request turns on whether this case can be brought under admiralty jurisdiction.  If jurisdiction properly arises under 28 U.S.C. § 1333, then the allegations in Paragraph 8 of the Complaint cannot be considered "redundant, immaterial, impertinent, or scandalous" and striking the paragraph would, therefore, be improper.  *See* Fed. R. Civ. P. 12(f).

For a tort claim to arise under admiralty jurisdiction, "the activity from which the claim arises must satisfy a location test and it must have sufficient connection with maritime activity." *Alderman v. Pac. N. Victor, Inc.*, 95 F.3d 1061, 1064 (11th Cir. 1996) (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995)).  To satisfy the location test, the Court "must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Id.* (quoting *Grubart, Inc.*, 513 U.S. at 534).

3

The second element of the test for admiralty jurisdiction requires that the Court first "'assess the general features of the type of accident involved,' to determine whether the incident has 'a potentially disruptive impact on maritime commerce.'" *Alderman*, 95 F.3d at 1064 (quoting *Grubart, Inc.*, 513 U.S. at 534). Then, the Court "must determine whether 'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" *Id.* (quoting *Grubart, Inc.*, 513 U.S. at 534). Here, the parties agree that Plaintiff sufficiently pled that the injuries occurred on navigable waters. (Doc. 15 at 3; Doc. 17 at 2). Thus, the only issue before the Court is Defendant's contention that Plaintiff's claim does not have sufficient connections with maritime activity. (Doc. 15 at 3).

Against the foregoing backdrop, the Undersigned considers the parties' arguments below.

As noted above, Defendant argues Paragraph 8 is due to be stricken because Plaintiff's claim cannot satisfy the sufficient connections test. (*See* Doc. 15 at 3-4). Defendant first contends that jurisdiction fails because "three people taking a small motorboat to the beach, and one of them falling out" cannot be considered to have "a potentially disruptive impact on international, or even the nation's, maritime commerce." (*Id.* at 3). Moreover, Defendant argues that admiralty law "exists to provide uniformity and security to those whose maritime commercial activities require them to perpetually travel from port to port" rather than those who are pleasure boating on navigable waters. (*Id.* at 3-4). In support of his argument, Defendant cites to secondary sources and distinguishable authorities but fails to cite to any controlling law. (*See id.*). Additionally, Defendant argues that by improperly alleging admiralty jurisdiction, Plaintiff "created choice of law issues where none should exist, or at the very least uncertainty and confusion where there should be none." (*Id.* at 5). Thus, Defendant contends that the

jurisdictional statement is "immaterial, impertinent, and improper in this action" and should therefore be stricken. (*Id.* at 2).

In response, Plaintiff argues that Paragraph 8 should not be stricken because "[t]he Complaint alleges a quintessential maritime tort." (*See* Doc. 17 at 1). As to the sufficient connections test, Plaintiff contends that both prongs are satisfied. (*Id.* at 3). With regard to the first prong – whether the incident may disrupt maritime commerce – Plaintiff argues that "the incident must be analyzed at an 'intermediate level of possible generality,'" which requires determining whether the activity could be disruptive. (*Id.* (quoting *Grubart, Inc.*, 513 U.S. at 538)). Plaintiff contends that negligently operating a vessel such that a person is injured "could interfere with commercial activity by closing an area to navigation or by diverting resources to assist in a rescue or in any number of other ways." (*Id.*). Additionally, Plaintiff argues that the second prong – the substantial-relationship prong – is satisfied because navigating a boat on navigable waters, regardless of whether the boat is a pleasure boat or a commercial shipping vessel, has a substantial relationship to traditional maritime activities. (*Id.* at 3-4). Thus, Plaintiff contends that the paragraph is not due to be stricken because "the [C]ourt has maritime jurisdiction over this maritime tort involving the reckless navigation of a pleasure vessel." (*Id.* at 4).

The Undersigned concludes that the claim satisfies the requisite elements for admiralty jurisdiction. Indeed, a serious injury arising from navigating a vessel on navigable waters is a maritime tort. In reaching this conclusion, the Undersigned finds the Eleventh Circuit's decision in *Mink v. Genmar Industries, Inc.*, a products liability action, to be persuasive.[2] 29 F.3d 1543,

---

[2] Although the cause of action in *Mink* differs from the cause of action in this proceeding, the Eleventh Circuit's jurisdictional analysis, particularly its discussion of whether a claim involving

1546 (11th Cir. 1994). In *Mink*, the plaintiff sued the defendants for injuries sustained while he was a passenger on a pleasure boat. *Id.* at 1544. Having never been on a boat, the plaintiff had difficulty maintaining his balance and was subsequently "slammed to the deck of the boat . . . with such force that he crushed a vertebrae." *Id.* at 1545. The Court examined whether the suit fell within admiralty jurisdiction and held that "injuries sustained by a passenger of a pleasure craft" gave rise to admiralty jurisdiction. *Id.* at 1544, 1549. In analyzing the second element of admiralty jurisdiction, the Eleventh Circuit recognized that the "disruption of a serious passenger injury within such intimate confines could have distracted the pilot and indirectly interfered with the navigation of a vessel," thus potentially disrupting maritime commerce. *Id.* at 1546. Additionally, the Eleventh Circuit concluded that the "relevant activity [was] the navigation of a vessel on navigable waters," which is "the very paradigm of traditional maritime activity." *Id.* (citing *Sisson v. Ruby*, 497 U.S. 358, 368 (1990) (Scalia, J. concurring)).

The facts of *Mink* are similar to those in the instant case. Specifically, in both cases the alleged damage is the serious passenger injuries sustained on a pleasure craft. Like in *Mink*, the alleged injury here had the potential to disrupt maritime commerce despite there being no actual disruption. *Mink*, 29 F.3d at 1546. Additionally, as in *Mink*, the relevant activity in the instant case is the alleged operation of a pleasure boat on navigable waters and is the "very paradigm of traditional maritime activity." *Id.* (citing *Sisson*, 497 U.S. at 368 (Scalia, J. concurring)); *see also Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674-75 (1982) (holding that a collision of two pleasure boats on navigable waters had "a significant relationship with maritime commerce" and noting that to protect the federal interest surrounding admiralty jurisdiction "*all* operators of

---

an injury that occurred on a pleasure boat has a sufficient connection to maritime activity, is applicable to the facts before us.

vessels on navigable waters are subject to uniform rules of conduct" not just those operators "actually *engaged* in commercial maritime activity" (emphases in original)).  Thus, the Undersigned concludes that the second element for admiralty jurisdiction – the sufficient connections test – is satisfied.

Having concluded that the second element of admiralty jurisdiction is satisfied, the Undersigned concludes that admiralty jurisdiction exists.  As previously noted, courts disfavor granting a motion to strike, as it is a "drastic remedy" and will deny a motion to strike "unless the allegations have no possible relation to the controversy and may cause prejudice to the parties."  *Thompson*, 211 F. Supp. 2d at 1345.  Defendant has not addressed the issue of prejudice, and the Undersigned concludes that Plaintiff's claim has a sufficient connection to traditional maritime activity and that Paragraph 8 of the Complaint is not "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f).  Thus, the Undersigned recommends that the Motion be denied as to Paragraph 8 of the Complaint.

        **b.**     **Attorney's Fees**

Defendant next contends that although Plaintiff included a prayer for relief in the form of "attorney's fees as permitted," he "has not alleged a basis for any such fee claim" in the Complaint and it is thereby due to be stricken.  (Doc. 15 at 5).  Defendant certifies that Plaintiff does not oppose the relief sought.  (*Id.* at 5-6).  Additionally, Plaintiff did not address this argument in his Response in Opposition.  (*See* Doc. 17).

Having considered Defendant's argument and noting that the requested relief is unopposed, the Undersigned recommends that the Motion be granted as to the prayer for relief in the form of attorney's fees.  *See, e.g.*, *Walker v. Mead*, No. 6:13-CV-1894-ORL-36, 2014 WL

2968405, at *7 (M.D. Fla. June 30, 2014) (adopting recommendation that request for attorneys' fees and costs be stricken where request was unopposed).

### IV.     Conclusion

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that**:**

1) Defendant's partially unopposed Motion to Strike (Doc. 15) be **DENIED IN PART** and **GRANTED IN PART** as follows:

   a. Defendant's Motion should be **DENIED** as to the allegations present in Paragraph 8 of the Complaint.

   b. Defendant's Motion be should be **GRANTED** as to Plaintiff's prayer for relief in the form of attorney's fees.

Respectfully recommended in Chambers in Fort Myers, Florida on January 28, 2019.

_____

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties